USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___5/31/20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ascencion Cazares, et al.,

                    Plaintiffs,

          —v—

2898 Bagel & Bakery Corp., et al.,

                    Defendants.

18-cv-5953 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs[1] are former employees of corporate Defendant 2898 Bagel & Bakery Corp.,

doing business as Nussbaum & Wu, and Shlomo Sela.[2]  Plaintiffs bring this action alleging

violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Before the Court is Plaintiffs' motion for default judgment against 2898 Bagel & Bakery Corp.

and Sholomo Sela, the only remaining Defendants in this case, as well as Plaintiffs' counsel's

request for costs and fees.[3]  For the reasons that follow, Plaintiffs' motion is GRANTED in part,

and the Court enters judgment as to Defendants' liability with respect to some of Plaintiffs'

claims.  The Court refers the matter to the Magistrate Judge for an inquest to ascertain damages

and fees.

---

[1] The twelve individual Plaintiffs in this case are Ascencion Cazares, Benjamin F. Delacruz, Fanny Jisselle Lizardo Fabre, Gabino Romano Hernandez, Hermenejildo Angel Prudente, Idor Jean Luckner, Jose Cedano, Jose G. Reyes, Luis Alberto Salas Umana, Wendy Patricia Damas, Poco J. Ouedraogo, and Susana E. Robles Martinez.

[2] Though Defendant Sela is named in the Amended Complaint as "Sholomo Sela," Plaintiffs have since noted that this was a misspelling.  *See* Dkt. No. 55.  Accordingly, the Court refers to Defendant Sela as Shlomo Sela.

[3] In his declaration, Plaintiffs' counsel also purports to move for default judgment against Defendant Natalie Gil. *See* Dkt. No. 46.  However, not only was Gil dismissed from the case on February 19, 2019, Dkt. No. 38, but also no affidavit of service on her of the operative complaint was ever filed and no certificate of default was ever entered against her.

## I.      BACKGROUND

### A.  Factual Background

Plaintiffs were employed by Defendants at Nussbaum & Wu—a bagel shop owned, operated, and controlled by Defendants—for various periods from as early as 2003 to June 2018. Am. Compl. (Dkt. No. 11) ¶¶ 2, 21–44.  They were employed to work as sandwich makers, smoothie makers, delivery workers, cooks, cook assistants, and cashiers.  *See id.* ¶¶ 62; 84; 99; 113–114; 137; 154–55; 173; 191; 206–07; 228; 224; 256.  Plaintiffs primarily allege that during this time they were regularly underpaid by Defendants, who failed to pay them minimum and overtime wages as required by the FLSA and NYLL.  *See id.* ¶ 17; *see also id.* ¶¶ 300–318. They also allege that Defendants failed to pay them the spread of hours compensation mandated by the NYLL; did not comply with that statute's notice, recordkeeping, and wage statement provisions; failed to reimburse them for the costs and expenses for purchasing and maintaining tools of the trade as required under the FLSA and NYLL; unlawfully deducted wages and retained gratuities in violation of the NYLL; and violated the timely payment provision in NYLL § 191.  *See id.* ¶ 17; *see also id.* ¶¶ 319–345.

### B.  Procedural Background

On June 30, 2018, Plaintiffs filed their Complaint against 2898 Bagel & Bakery Corp., Sholomo Nussbaum, and Natalie Doe.  *See generally* Compl. (Dkt. No. 1).  They then amended their Complaint on July 25, 2018, naming Shlomo Sela rather than Sholomo Nussbaum and Natalie Gil rather than Natalie Doe.  *See generally* Am. Compl.

Defendants 2898 Bagel & Bakery Corp. and Shlomo Sela were served with the Amended Complaint on July 27, 2018 and August 22, 2018 respectively.  *See* Dkt. Nos. 17, 18.  Natalie Gil

was never served with the Amended Complaint and was dismissed from the case on February 19, 2019 pursuant to Federal Rule of Civil Procedure 4(m). *See* Dkt. No. 38.

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and then the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). On February 28, 2019, the Clerk of Court entered certificates of default with respect to both Defendants. Dkt. Nos. 43, 44.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. On March 4, 2019, Plaintiffs filed the motion for default judgment against Defendants that is now before the Court.

## II.    STATUTES OF LIMITATIONS

As a threshold matter, the Court considers the statutes of limitations applicable to Plaintiffs' FLSA and NYLL claims. The statute of limitations for FLSA claims is two years, or three years if the FLSA violation was willful. 29 U.S.C. § 255(a). Because "a defendant's default, in itself, may suffice to support a finding of willfulness," Plaintiffs' FLSA claims are subject to a three-year statute of limitations. *See Elisama v. Ghzali Gourmet Deli Inc.*, 2016 WL

11523365, at *4 (S.D.N.Y. Nov. 7, 2016) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011)), *report and recommendation adopted*, 2018 WL 4908106 (S.D.N.Y. Oct. 10, 2018).  The statute of limitations for NYLL claims is six years.  N.Y. Lab. Law §§ 198(3), 663(3).

Though Defendant Shlomo Sela was not added until the Complaint was amended on July 25, 2017, *see* Am. Compl., the Court finds that the federal and state law claims against him relate back to the original filing on June 30, 2018, *see* Compl.  "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint."  *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (citing Fed. R. Civ. P. 15(c)).  According to Rule 15(c) of the Federal Rules of Civil Procedure, a claim against a new defendant in an amended complaint relates back to the original complaint if "(1) the claims against the new parties arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new party received notice of the suit within [90] days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party."[4]  *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 82 (E.D.N.Y. 2011) (citing Fed. R. Civ. P. 15(c)).

In this case, the claims against Sela are identical to those in the original Complaint; Sela received notice within 90 days of the filing of the suit, *see* Dkt. No. 18; and he should have known that but for a mistake concerning his identity, the action would have been brought against him.  Indeed, he is alleged to have served as an owner, manager, principal, or agent of Defendant

---

[4]  With respect to the NYLL claims, the Court need not consider whether state law "affords a more forgiving principle of relation back than the one provided in" Rule 15, because it concludes that Rule 15 permits the relation back of all claims against Sela here.  *See* Fed. R. Civ. P. 15, Advisory Committee's Notes (1991).

2898 Bagel & Bakery Corp.—which was named in the original Complaint—and operated Nussbaum & Wu, the bagel shop at 2897 Broadway at which Plaintiffs were employed, through the corporate Defendant.  Am. Compl. ¶ 3.  Moreover, Sholomo Nussbaum was named in the original Complaint, but Sela was substituted for him in the Amended Complaint.  *Compare* Compl. *with* Am. Compl.  In light of the foregoing, Sela could not have reasonably believed that his omission from the original Complaint was anything other than a mistake.  *Abdell v. City of New York*, 759 F. Supp. 2d 450, 459 (S.D.N.Y. 2010).  Accordingly, the federal and state law claims asserted against him in the Amended Complaint relate back to the filing of the original Complaint on June 30, 2018.

Plaintiffs' claims are thus timely with respect to any FLSA violations that occurred on or after June 30, 2015 and any NYLL violations that occurred on or after June 30, 2012. Accordingly, to the extent the Court enters judgment as to the liability of Defendants, it does so only for FLSA violations that occurred on or after June 30, 2015 and NYLL violations that occurred on or after June 30, 2012.

## III.   LIABILITY

On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint.  Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013).  However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded

facts sufficient to establish the defendant's liability with respect to each cause of action.  *See Zhen Ming Chen v. Y Café Ave B Inc.*, 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

### A.  Minimum Wage and Overtime Claims

"To state an FLSA minimum wage or overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked an approximate number of hours for which she did not receive minimum or overtime wages."  *Id*. at *2.

First, Plaintiffs' allegations are sufficient to establish an employment relationship for FLSA purposes.  The Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."  *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  Accordingly, it has instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'"  *Id.* (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).  This so-called "economic reality" test applies equally to employee and employer determinations.  *Id.*  With respect to determining whether an individual is an employee for FLSA purposes, "[t]he ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves."  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988).  There is likewise no "rigid rule for the identification of an FLSA employer."  *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008).  Rather, courts look to various factors to determine the degree of formal or functional control over a worker.  *See id.* at 1058–59.  "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections

6

of the FLSA, since such limitations on control do not diminish the significance of its existence."
*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (cleaned up).  "An employee
may simultaneously have multiple 'employers' for purposes of determining responsibility under
the FLSA," and "joint employers . . . may be held jointly and severally liable for FLSA
violations."  *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-cv-6963 (WFK) (RLM), 2019 WL
1549033, at *5 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL
1547256 (E.D.N.Y. Apr. 9, 2019).

    Based on their positions and the tasks that they performed, Plaintiffs have sufficiently
established that they "depend[ed] upon someone else's business for the opportunity to render
service" and were *not* "in business for themselves."  *Brock*, 840 F.2d at 1059.  All Plaintiffs were
employed by Defendants as either sandwich makers, smoothie makers, delivery workers, cooks,
cook assistants, or cashiers.  *See* Am. Compl. ¶¶ 62; 84; 99; 113–114; 137; 154–55; 173; 191;
206–07; 228; 224; 256.  Furthermore, their responsibilities at work did not include discretion or
independent judgment.  *Id.* ¶¶ 64; 86; 101; 117; 139; 158; 175; 193; 210; 230; 246; 258.
Accordingly, their allegations are sufficient to establish that they are employees for FLSA
purposes.

    The allegations contained in the Amended Complaint are also "sufficient to find that
defendants were plaintiff[s'] joint 'employers' under the FLSA."  *Lu Nan Fan*, 2019 WL
1549033, at *7.  The corporate Defendant is a corporate entity that operated a bagel shop in
Morningside Heights, Manhattan.  Am. Compl. ¶ 49.  Sela possessed operational control and
ownership interests in and controlled significant functions of the corporate Defendant.  *Id.* ¶ 50.
Both Defendants controlled Plaintiffs' working conditions and set employment and
compensation policies and practices that applied to all Plaintiffs.  *Id.* ¶ 52.  These allegations are

sufficient to establish that they jointly controlled Plaintiffs such that they were joint employers for FLSA purposes.

Second, Plaintiffs' allegations are sufficient to establish that their work involved interstate activities. "An employee is covered by the FLSA if she is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Zhen Ming Chen*, 2019 WL 2324567, at \*2 (citing 29 U.S.C. §§ 206(a), 207(a)(1)). An enterprise is engaged in commerce if its employees handle, sell, or otherwise work with "goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Plaintiffs allege that Defendants, both separately and jointly, had a gross annual volume of sales of at least $500,000, Am. Compl. ¶ 57, and that they were involved in interstate commerce, including by using goods on a daily basis that were produced outside New York, *id.* ¶ 58.

Third, Plaintiffs have sufficiently established that they worked hours for which they did not receive minimum and overtime wages. A FLSA minimum wage claim arises when a plaintiff's "average hourly wage falls below the federal minimum wage." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). "To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at \*3 (S.D.N.Y. Sept. 16, 2014). FLSA also requires that an employee be compensated for overtime at one and a half times the regular rate of pay for any hours worked over 40 in a week. 29 U.S.C. § 207(a)(1). Accordingly, "[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than

forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199–201 (2d Cir. 2013).

"Plaintiffs have . . . attested to the number of hours they worked—including the number of overtime hours, and the amount for which they were compensated—which is sufficient to establish Defendants' liability for the FLSA minimum wage and overtime claims." *Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15-cv-2950 (RA), 2019 WL 3409892, at *4 (S.D.N.Y. July 29, 2019).  Plaintiffs' allegations sufficiently establish FLSA minimum wage violations with respect to Ascencion Cazares, Benjamin F. Delacruz, Fanny Jisselle Lizardo Fabre, Hermenejildo Angel Prudente, Idor Jean Luckner, Jose Cedano, Jose G. Reyes, Luis Alberto Salas Umana, Wendy Patricia Damas, Poco J. Ouedraogo, and Susana E. Robles Martinez.[5]  Am. Compl. ¶¶ 65–76; 87–93; 105; 148; 159–164; 175–183; 194–201; 211–219; 231–237; 247–250; 259–262.  They also sufficiently establish FLSA overtime violations with respect to Ascencion Cazares, Benjamin F. Delacruz, Gabino Romano Hernandez, Hermenejildo Angel Prudente, Idor Jean Luckner, Jose Cedano, Jose G. Reyes, Luis Alberto Salas Umana, Wendy Patricia Damas, and

---

[5] Some of the allegations of Plaintiffs Ascencion Cazares, Fanny Jisselle Lizardo Fabre, Hermenejildo Angel Prudente, Jose Cedano, Jose G. Reyes, Luis Alberto Salas Umana, Wendy Patricia Damas, Poco J. Ouedraogo, and Susana E. Robles Martinez may also adequately establish an entitlement to relief under NYLL § 191, which Plaintiffs assert in their tenth cause of action and which covers the "[w]holesale withholding of wages." *Goldberg v. Jacquet*, 667 F. App'x 313, 314 n.1 (2d Cir. 2016) (summary order); *see* Am. Compl. ¶¶ 74; 105; 148; 181; 201; 217; 235; 250; 262 (describing weeks for which Plaintiffs received no pay).  However, "Plaintiffs are only entitled to recover under one statute for the same hours of unpaid wages." *Gonzales v. Gan Israel Pre-School*, No. 12-cv-6304 (MKB) (VMS), 2014 WL 1011070, at *11 (E.D.N.Y. Mar. 14, 2014).  Though § 191 may also entitle plaintiffs to wages in *excess* of the minimum wage where an "employee has an agreement with his or her employer to be paid at a rate greater than the minimum wage," *Cavalotti v. Daddyo's BBQ, Inc.*, No. 15-cv-6469 (PKC) (VMS), 2018 WL 5456654, at *13 (E.D.N.Y. Sept. 8, 2018), the Amended Complaint does not allege any such agreement with respect to any Plaintiff.  Accordingly, all claims asserted under NYLL § 191 are duplicative of Plaintiffs' minimum wage claims under the NYLL, and thus they are only entitled to default judgment on their minimum wage claims.

Poco J. Ouedraogo.  Am. Compl. ¶¶ 65–76; 87–93; 118–127; 140–148; 159–164; 175–183; 194–201; 211–219; 231–237; 247–250.

The Court finds that Plaintiffs' allegations are sufficient to establish minimum wage and overtime violations under the NYLL for the reasons already articulated above.  Under the NYLL, the definition of employee and employer are nearly identical to those under the FLSA.  N.Y. Lab. Law §§ 651(5)–(6); *Garcia v. Badyna*, 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Likewise, the NYLL's minimum wage and overtime provisions mirror those of the FLSA.  *See Reyes v. Lincoln Deli Grocery Corp.*, 2018 WL 2722455, at *5–6 (S.D.N.Y. June 5, 2018); *see also* N.Y. Lab. Law § 652; N.Y. Lab. Law § 190 et seq.; 12 N.Y.C.R.R. § 142-2.2.  Accordingly, the Court also finds that Plaintiffs' allegations are sufficient to establish Defendants' liability for NYLL minimum wage and overtime violations.

Under both the FLSA and NYLL, each Defendant is jointly and severally liable for any damages award made in Plaintiffs' favor.  *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 685–86 (S.D.N.Y. 2011).

**B.  Spread of Hours Claims**

Under New York law, when the spread of hours (i.e. the period of time worked in a given day) exceeds 10 hours, an employee must be paid "one hour's pay at the basic minimum hourly wage rate," in addition to his otherwise-required wages.  N.Y. Comp. Codes R & Regs. tit. 12, § 142-2.4.  Plaintiffs allegations sufficiently establish that Ascencion Cazares, Fanny Jisselle Lizardo Fabre, and Jose Cedano are entitled to spread-of-hours compensation for days in which they worked a "spread of hours" in excess of ten and did not receive any additional compensation.  Am. Compl. ¶¶ 66; 102–104; 177.

### C.  Notice, Recordkeeping, and Wage Statement Claims

The NYLL also requires employers to provide employees with a notice at the time of their hiring that sets forth, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage . . . ; the regular pay day . . . ; the name of the employer; . . . [and] the regular hourly rate and overtime rate of pay."  *See* N.Y. Lab. Law § 195(1).  It further provides that an employer must "furnish each employee with a statement with every payment of wages, listing . . . the dates of work covered by that payment of wages; . . . rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."  *See id.* § 195(3).  Plaintiffs' allegations sufficiently establish that they were not provided with the requisite notice and wage statements such that they are entitled to statutory damages for violations of the NYLL notice, recordkeeping, and wage statement provisions.  *See* Am. Compl. ¶¶ 79–81; 94–96; 109–111; 132–134; 149–151; 168–170; 187–189; 202–204; 223–225; 240–242; 252–254; 264–266.

### D.  Tools of the Trade Claims

"An employer violates the FLSA if it requires an employee to purchase tools of the trade which will be used in or are specifically required for the performance of the employer's particular work and the cost of such tools [purchased by the employee] cuts into the minimum or overtime wages required to be paid to [the employee]."  *Hernandez v. Jrpac Inc.*, No. 14-cv-4176 (PAE), 2016 WL 3248493, at *30 (S.D.N.Y. June 9, 2016) (internal quotation marks and citations omitted).

The Amended Complaint's allegations fail to sufficiently establish that any Plaintiff incurred unreimbursed costs associated with the purchase of tools of the trade that cut into their expected minimum or overtime wages.[6]  *See* Am. Compl. ¶¶ 82; 97; 135; 152; 171; 226.  Indeed, Plaintiffs who allege they had to buy clothing, hats, and shoes fail to detail whether these items consisted of ordinary wardrobe materials or specially-made clothing, and all Plaintiffs fail to state how much they spent on the tools of the trade or why these tools were required for the performance of Plaintiffs' work.  *See Hernandez v. Spring Rest Grp., LLC*, No. 17-cv-6084 (AJN), 2018 WL 3962832, at *4 (S.D.N.Y. Aug. 17, 2018) (granting motion to dismiss tools of trade claims where Plaintiffs failed to allege the nature of their "uniforms," how much they cost, how the purchase cut into their expected minimum and overtime wages, and why they were required for the performance of plaintiffs' work).  Accordingly, Plaintiffs are not entitled to default judgment with respect to the Amended Complaint's tools of the trade claims.  *See* Am. Compl. ¶¶ 329–331.

### E.  Unlawful Deduction and Gratuity Retention Claims

Under NYLL § 193,

> [n]o employer shall make any deduction from the wages of an employee, except deductions which: a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency;  or b. are expressly authorized in writing by the employee and are for the benefit of the employee;  provided that such authorization is kept on file on the employer's premises.  Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

---

[6] Plaintiffs also seek reimbursement for these costs pursuant to NYLL §§ 193 and 198-b.  Even if failure to reimburse could constitute an unlawful deduction under § 193, Plaintiffs have failed to sufficiently establish that their expenses are reimbursable for the reasons stated above.  *See Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 534 (E.D.N.Y. 2017) (describing plaintiff's assertion of  tools of the trade claim under § 193—which proscribes employers' unlawful deductions from their employees' wages—as a "novel theory").  Moreover, the Amended Complaint does not adequately allege that the failure to reimburse Plaintiffs for expenses amounts to an illegal kickback scheme under § 198-b.  *See Wing Kwong Ho v. Target Const. of NY, Corp.*, No. 08-cv-4750 (KAM), 2011 WL 1131510, at *16 (E.D.N.Y. Mar. 28, 2011).

Under NYLL § 196-d, "[n]o employer or his agent . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

Plaintiffs' allegations sufficiently establish that wages were unlawfully deducted from Fanny Jisselle Lizardo Fabre, Jose Cedano, and Wendy Patricia Damas for meal breaks they were not permitted to and did not take.  Am. Compl. ¶¶ 106–107; 184–186; 238–239. Furthermore, they establish that Defendants unlawfully retained Gabino Romano Hernandez's gratuities.  Am. Compl. ¶ 131.

## IV.   DAMAGES

Having established liability for certain of Plaintiffs' claims as articulated above, the "sole remaining issue before the [C]ourt is whether [Plaintiffs have] provided adequate support for the relief [they] seek[]."  *Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  Rather, "to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish her damages with reasonable certainty."  *Tackie*, 2014 WL 4626229, at *1 (internal quotation marks omitted).  In order to determine the damages owed, "[c]ourts often conduct an inquest hearing, but such a hearing is not required."  *Reyes*, 2018 WL 2722455, at *2.  "[Federal] Rule [of Civil Procedure] 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."  *Cement & Concrete Workers Dist. Council Welfare*

*Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

In this case, the Court finds that it is necessary and proper to hold an inquest to ascertain damages because Plaintiffs' proffered evidence reveals multiple errors.  For example, with respect to Plaintiffs Ascension Cazares, Gabino Romano Hernandez, and Jose Cedano, Plaintiffs' damages calculation includes pay periods that fall outside the statutes of limitations for both the FLSA and the NYLL.  *See* Dkt. No. 46-13 at 1, 3 (including, for these Plaintiffs, pay periods that begin on June 1, 2012 when Plaintiffs' claims are only timely with respect to any FLSA violations that occurred on or after June 30, 2015 and any NYLL violations that occurred on or after June 30, 2012).  Moreover, Plaintiffs' damages calculation includes "illegal deduction" damages for Plaintiffs for whom the Amended Complaint does not include any allegations relating to deductions from wages or retention of gratuities.  *See* 46-13 at 3 (including illegal deduction damages for Ascension Cazares, Hermenejildo Angel Prudente, and Poco J. Ouedraogo).  These errors, and possibly others, infect Plaintiffs' damages calculation, and thus their "damages [cannot] be established by 'detailed affidavits and documentary evidence.'" *Tackie*, 2014 WL 4626229, at *1 (quoting *Tamarin*, 13 F.3d at 54).  Accordingly, the Court refers this matter to the Magistrate Judge for an inquest to ascertain damages.  The Court also refers Plaintiffs' counsel's request for fees and costs to the Magistrate Judge.

## V.    CONCLUSION

Plaintiffs' motion for default judgment is GRANTED in part.  The Court enters judgment consistent with this Opinion and Order as to Defendants' liability with respect to Plaintiffs' minimum and overtime wage claims; spread of hours claims; notice, recordkeeping, and wage

statement claims; and unlawful wage deduction and gratuity retention claims.  This resolves Dkt. No. 45.

By separate order, this matter will be referred to the Magistrate Judge for an inquest to ascertain damages and to calculate attorneys' fees and costs.

SO ORDERED.

Dated: May 31, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge