UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASCENCION CAZARES, BENJAMIN F. DELACRUZ, FANNY JISSELLE LIZARDO FABRE, GABINO ROMANO HERNANDEZ, HERMENEJILDO ANGEL PRUDENTE, IDOR JEAN LUCKNER, JOSE CEDANO, JOSE G. REYES, LUIS ALBERTO SALAS UMANA, WENDY PATRICIA DAMAS, POCO J. QUEDRAOGO, AND SUSANA E. ROBLES MARTINEZ, *individually and on behalf of others similarly situated*,<br><br>                              Plaintiffs,<br><br>-against-<br><br>2898 BAGEL & BAKERY CORP. (d/b/a NUSSBAUM & WU) and SHLOMO SELA<br><br>                              Defendants. | 18cv5953 (AJN) (DF)<br><br>**ORDER TO SUPPLEMENT DAMAGES SUBMISSIONS** |

**DEBRA FREEMAN, United States Magistrate Judge:**

This wage-and-hour case, brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law (the "NYLL"), §§ 190, *et. seq.*, and 650, *et seq.*, has been referred to this Court for an inquest, to determine the amount of damages and attorneys' fees to which the 12 named plaintiffs:

        (1)     Ascencion Cazares ("Cazares"),
        (2)     Benjamin F. Delacruz ("Delacruz"),
        (3)     Fanny Jisselle Lizardo Fabre ("Lizardo"),
        (4)     Gabino Romano Hernandez ("Romano"),
        (5)     Hermenejildo Angel Prudente ("Angel"),
        (6)     Idor Jean Luckner ("Luckner"),
        (7)     Jose Cedano ("Cedano"),
        (8)     Jose G. Reyes ("Reyes"),
        (9)     Luis Alberto Salas Umana ("Salas"),
        (10)   Wendy Patricia Damas ("Patricia"),
        (11)   Poco J. Quedraogo ("Quedraogo"), and
        (12)   Susana E. Robles Martinez ("Robles")

(collectively, "Plaintiffs") are entitled, upon the default of defendants 2898 Bagel & Bakery Corp., d/b/a Nussbaum & Wu ("2898 Bagel") and Shlomo Sela ("Sela") (collectively, "Defendants").[1] In the course of its review of Plaintiffs' submissions, however, this Court has come to realize that only six of the Plaintiffs – specifically, Cazares, Delacruz, Romano, Angel, Cedano, and Robles – have submitted evidence, in the form of declarations made under penalty of perjury, to support the amount of damages claimed. (*See* Declaration of Michael Faillace, Esq. in Support of Plaintiffs' Motion for Default Judgment, dated Mar. 4, 2019 ("Faillace Decl.") (Dk. 46), Exs. G-L.) The other six plaintiffs apparently seek to rely solely on the allegations of the Amended Complaint, in order to establish their damages. This, they may not do.

Although a "'default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability,'" it does not reach the issue of damages. *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). In conducting a damages inquest, the Court accepts as true all of the factual allegations of the complaint, *except* those relating to damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). As to damages, a plaintiff must substantiate his or her claims with evidence to prove the extent of damages. *See Trehan v. Von Tarkanyi*, 63 B.R. 1001, 1008 n.12 (S.D.N.Y. 1986) (plaintiff must introduce evidence to prove damages suffered and the court will then determine whether the relief flows from the facts (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974))). While the plaintiff is entitled to all reasonable inferences in its favor based on the

---

[1] Plaintiffs named an additional defendant, Natalie Gil ("Gil') in their Amended Complaint (*see* First Amended Complaint, dated July 25, 2018 ("Am. Compl.") (Dkt. 11)), but Gil was apparently never served with process, and, at Plaintiffs' request, their claims against her were dismissed without prejudice (*see* Order, dated Feb. 19, 2019 (Mem. Endors.) (Dkt. 38)).

evidence submitted, *see U.S. ex rel. Nat'l Dev. & Constr. Corp. v. U.S. Envtl. Universal Servs., Inc.*, No. 11cv730 (CS), 2014 WL 4652712, at *3 (S.D.N.Y. Sept. 2, 2014) (adopting report and recommendation), the burden is on the plaintiff to "introduce sufficient evidence to establish the amount of damages with reasonable certainty," *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12cv1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (citations omitted), *report and recommendation adopted*, 2013 WL 4505255 (Aug. 23, 2013).

This is far from the first time that Plaintiffs' counsel – the law firm of Michael Faillace & Associates, PC – has failed to submit evidence in support of a claim for damages, in a wage-and-hour case. In fact, the firm's repeated failures in this regard were pointed out a few years ago by the Honorable Kevin Nathaniel Fox, U.S.M.J. *See Hernandez Gomez v. 4 Runners, Inc.*, No. 14cv08998 (JPO) (KNF), 2017 WL 9802834, at *8 (S.D.N.Y. Dec. 6, 2017), *report and recommendation adopted,* 2018 WL 1940433 (Apr. 24, 2018), *affirmed in relevant part*, 769 Fed. App'x 1 (2d Cir. Apr. 16, 2019) (summary order). *Hernandez Gomez* was an FLSA action involving damages claims made, upon the defendants' default, by two plaintiffs. One plaintiff submitted no affidavit, declaration, or exhibits supporting his alleged hours worked and compensation paid, while the other did submit a declaration, which Judge Fox rejected as not credible; in light of these issues, Judge Fox recommended that no damages be awarded to either plaintiff. *See generally id*. After the Honorable J. Paul Oetken, U.S.D.J., adopted Judge Fox's Report and Recommendation in its entirety, the plaintiffs appealed.

On appeal, the Second Circuit reversed the District Court's ruling as to the plaintiff who *had* submitted a declaration, but affirmed with respect to the plaintiff who had submitted no evidence to support his damages claims. *Hernandez Gomez*, 769 Fed. App'x at 3-4. As to the latter plaintiff, the court noted that Judge Fox had directed him to submit proof of his damages,

but that he "did not do so, instead citing only to the allegations in the complaint, which are not evidence and are not accepted as true as they relate to damages." *Id.* at 3 (citing *Au Bon Pain*, 653 F.2d at 65). The Second Circuit went on to state: "[T]he district court therefore had no basis from which to reasonably infer [the latter plaintiff's] damages and reasonably awarded him none." *Id*.

Before this Court recommends, in this case, that six of the Plaintiffs – Luckner, Reyes, Salas, Patricia, and Quedraogo – be awarded no damages because of their failure to submit evidence in support, this Court will afford these plaintiffs the opportunity to supplement their submissions. These plaintiffs are cautioned that each of their damages claims must be supported by proof in admissible form, and that their failure to do so may result in their receiving no damages award in this action, despite the fact that a default judgment has been issued in their favor.

On a related matter, this Court notes that both the Amended Complaint and the Declaration submitted by plaintiff Cedano raise a question regarding whether Cedano is entitled to recover the damages he seeks under the FLSA and/or the NYLL. In both places, Cedano describes his former job position as having been that of a "manager," and then merely recites boilerplate language that his "duties for Defendants required neither discretion nor independent judgment." (Am. Compl. ¶¶ 173, 175; Faillace Decl., Ex. K (Declaration of Jose Ced[a]no[2] in Support of Plaintiff's Motion for Default Judgment, date Jan.18, 2019 (Dkt. 46-11)) ¶¶ 7-8.) The question of whether a "manager" should be considered exempt from statutory minimum-wage

---

[2] Plaintiff Cedano's Declaration variously spells his name as "Cedeno" and "Cedano," and this Court cannot ascertain, from his signature, which is correct. This Court has therefore used the spelling reflected in the case caption. If the caption is inaccurate, then Plaintiffs' counsel should so inform the Court.

and overtime requirements depends on the nature of the work that the manager performed. *See* 29 C.F.R. § 541.02(b) ("The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises."); *see, e.g., Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 428-29 (S.D.N.Y. 2013) (noting, in summary judgment context, that a manager's specific job duties – including his ability to set his own schedule and supervise other employees – are material "factors" to determining whether he may be administrative exempt from the FLSA overtime requirement). Cedano has provided no specific information on this point, and is directed to do so, so that this Court can determine whether he is entitled to damages under the FLSA and/or the NYLL.

Plaintiffs are directed to supplement their damages submissions, consistent with this Order, no later than June 25, 2021. Plaintiffs are further directed to serve a copy of their supplemental submissions, together with a copy of this Order, on Defendants, by a means reasonably calculated to reach them, and to file proof of such service on the Docket.

If Defendants wish to respond to Plaintiffs' supplemental submission, then Defendants shall submit their responses no later than July 2, 2021.

Defendant 2898 Bagel, however, may not, as a corporate entity, appear in this Court without an attorney. For this reason, any response to Plaintiffs' supplemental submission that 2898 Bagel wishes to file, including any request for a hearing with respect to that submission, must be made through counsel, in order for that response to be considered by the Court.

If the individual defendant, Sela, wishes to respond to Plaintiffs' supplemental submission *pro se* (in other words, without counsel), then he may file his response by mailing it to this Court's *Pro Se* Office, at the following address:

> *Pro Se* Intake Unit
> U.S. Courthouse
> 500 Pearl Street
> New York, NY 10007

Any submissions by Defendants should include the case number for this action (18cv5953) at the top of the submissions.

IF DEFENDANTS FAIL TO RESPOND TO PLAINTIFFS' SUPPLEMENTAL SUBMISSION BY JULY 2, 2021, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFFS' WRITTEN SUBMISSIONS ALONE.  FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS ANY DEFENDANT REQUESTS A HEARING, IN WRITING, BY JULY 2, 2021.  *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated:  New York, New York
        June 7, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States District Judge

Copy to:

Plaintiffs' Counsel (via ECF)